JOHN MURRAY *vs.* LUDWIG KRENZ.

First Judicial District, Hartford, January Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

A plaintiff may seek a new trial for the inadequacy of the damages awarded, if the verdict be against the evidence in this respect, but under our practice (General Statutes, §§ 5840, 5841) he must ask for a new trial *de novo;* he cannot insist that the verdict shall stand as an adjudication of the defendant's liability and that the rehearing shall be restricted merely to the amount of the damages.

In personal injury cases especially, the question of the amount of damages is usually so inextricably interwoven with the question of liability, that the two cannot be separated without injustice to one of the parties; and therefore a motion for a limited new trial in such a case is properly denied as a matter of discretion.

Issues involved in verdicts which have been correctly determined according to legal principles, should stand, if the other issues can be retried without denial of the just rights of either party; but where the retrial of a single issue may affect the other issues to the prejudice of either party, the court will not exercise its discretion in limiting the new trial but will require a rehearing of the whole case.

Proceedings for new trials are governed by statute in this State, and are addressed to the discretion of the court; and on an appeal to this court the appellant can prevail only when it appears that the lower court has failed to exercise a legal discretion in disposing of the motion.

Argued January 6th—decided April 16th, 1920.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's servant in the operation of a motor-vehicle, brought to the Superior Court in Middlesex County and tried to the jury before *Warner, J.;* the jury returned a verdict for the plaintiff for $800, which he moved to have set aside in so far as it related to the amount of damages, and from the refusal of the trial court to grant such motion the plaintiff appealed. *No error.*

*Gustaf B. Carlson,* for the appellant (plaintiff).

*E. Henry Hyde,* for the appellee (defendant).

WHEELER, J.   The jury must have found, since the facts were undisputed, that the plaintiff was a young, active and intelligent man of twenty-two years of age, and in good health on June 27th, 1917, and that on this day he sustained, as a result of the collision complained of, a serious compound fracture of the tibia, and up to the time of trial, February 6th, 1919, had undergone two serious surgical operations, but the fractured bone had not yet united.   Further surgical operation will be necessary, and it will be necessary for him to wear a brace for a considerable period, and he can never wholly recover nor become more than ninety per cent efficient on account of his injury.   As a consequence of this injury he has suffered great pain, was still suffering pain at the time of trial, and will continue to do so for some time.   He has expended $500 for medical and surgical care and attention, and his loss of earnings amount to substantially $1,000.

Plaintiff first moved that the verdict be set aside and a new trial granted, on the ground that the verdict was against the evidence.   Subsequently he amended his motion, by substituting in place of it a motion to set aside the verdict "so far as the same relates to the award of damages . . . for the reason that said verdict was against the evidence . . . in that the damages awarded to the plaintiff were inadequate."   In denying the motion, the trial court said:  "It seems manifest to me that the verdict in this case was a compromise one, but whether justifiable is a matter of grave doubt. . . .   While such a compromise could not be justified, I think it would be equally unjustifiable

for me to grant a new trial on the question of damages alone, with the issue of liability closed against the defendant, as asked for by the plaintiff."

General Statutes, § 5840, gives to the plaintiff an appeal from the denial of his motion. This section provides that upon appeal if this court "shall be of opinion that the verdict was against such evidence, it shall grant a new trial." The only motion for a new trial known to our practice is the motion for a trial *de novo*. Section 5840 provides the only appeal from the denial of such motion.

The first motion filed in this case was a motion for a new trial on the ground that the verdict was against the evidence. The substituted motion, from the denial of which this appeal was taken, is a motion for a new trial setting aside the verdict so far as the same relates to the award of damages, but enforcing its determination of the defendant's liability.

Prior to 1807 the verdict of a jury was conclusive, and a new trial would not be granted on the ground that the verdict was against the law or against the evidence. In that year the rule that the court should direct the jury in matters of law was adopted, and the practice of granting new trials because the verdict was against the law began. 3 Day, 29. In 1816 it was first determined that a new trial might be granted on the ground that the verdict was against the evidence. *Bartholomew* v. *Clark*, 1 Conn. 472. Swift, writing in 1821, describes the practice in such cases, from which it appears that the trial court did not assume to grant or deny the motion, but reserved it for the advice of this court. This followed the practice in the Court of King's Bench, that new trials could only be granted by the court *in banc* and not by the trial judge; although the reason given for the common-law rule does not apply to our trial judges, who have at all

times exercised the entire jurisdiction of their respective courts. 26 Yale Law Journal, 49. In 1821 the practice was modified by a statute providing that "when the Superior Court shall be of opinion that the verdict of the jury is against the evidence . . . they may, at their discretion, make a statement of the evidence, and report the same to the Supreme Court of Errors . . .; and if such court shall be of opinion, that the verdict is against the evidence in the cause, they shall have power, at their discretion, to grant a new trial." Revision of 1821, p. 54, § 68. This statute left the decision to the discretion of the trial court in the first instance, and if the trial court saw fit to state the evidence, then to the discretion of this court; but if the trial court did not see fit to state the evidence, there was no statutory appeal from its refusal to do so. *Zaleski* v. *Clark,* 45 Conn. 397, and reporter's note; *McCusker* v. *Spier,* 72 Conn. 628, 45 Atl. 1011. In 1893 the trial court was required to report the evidence in all cases where such a motion for a new trial was made; Public Acts of 1893, Chap. 51; but it was not until 1897 that the trial court was authorized and directed to dispose of these motions in the first instance, and a right of appeal given. Public Acts of 1897, Chap. 194, §§ 12, 29. These sections are now §§ 5840, 5841 of the General Statutes.

A study of this statutory development reinforces the conclusion that they were enacted with reference to the usual motion for a trial *de novo,* and do not provide a method of enforcing the verdict as to liability and setting it aside as to damages. Proceedings for procuring new trials are in this State governed by statute. *Etchells* v. *Wainwright,* 76 Conn. 534, 538, 57 Atl. 121. They are addressed to the discretion of the court, and on appeal can prevail only in cases where the court has failed to exercise a legal discretion. *Wood* v. *Holah,*

80 Conn. 314, 315, 68 Atl. 323; *Burr* v. *Harty*, 75 Conn. 127, 129, 52 Atl. 724.

In the exercise of its legal discretion this court not infrequently sets aside a verdict and orders a new trial unless the damages awarded be remitted in part; *Holcomb Co.* v. *Clark*, 86 Conn. 319, 322, 85 Atl. 376; or it qualifies its order for a new trial in such way as to do justice. It exercises its discretion to do just this so nearly as it may. If the error committed by the trial court be confined to a single issue, it limits the retrial to that single issue, when this can be done without prejudice to individual rights or judicial procedure. Thus, in *Smith* v. *Whittlesey*, 79 Conn. 189, 193, 63 Atl. 1085, upon appeal for errors in the charge of the court, the only error found was in the damages, which we thus disposed of: "These issues have been legally settled, and the error of the court in respect to damages may be fully corrected without a retrial of these issues. In such a case it is plain that the issues rightly settled ought not to be reopened, and this court has the power to qualify its order for a new trial by limiting the retrial to that part of the case in which alone there is any error." And we there held that "this principle may be applied to trial by jury when its application is necessary to do justice to the parties." *Yazoo & M. V. R. Co.* v. *Scott*, L. R. A. 1915 E, 240 note (108 Miss. 871, 67 So. 491); *Zaleski* v. *Clark*, 45 Conn. 397. The reason upon which our practice has been builded is the same reason upon which a similar practice in other jurisdictions has been builded. Where the error as to one issue or issues is separable from the general issues, the new trial may be limited to the error found, provided that such qualification or limitation does not work injustice to the other issues or the case as a whole. Issues involved in verdicts which have been determined rightly accord-

ing to legal principles should stand; and where the other issues can be retried without denial of the just rights of either party, this course will be adopted. But where the retrial of the single issue may affect the other issues to the prejudice of either party, the court will not exercise its discretion in limiting the new trial but will grant it *de novo.*

We agree with the Supreme Court of Massachusetts, that judicial discretion in this class of cases should be exercised with great caution, and that "it is only in exceptional and extremely rare instances that the inadequacy of damages will not be so interwoven with liability that justice can be done without a new trial upon the whole case." *Simmons* v. *Fish,* 210 Mass. 563, 570, 97 N. E. 102.

The trial court may restrict the new trial to a given issue or issues, and on appeal we may exercise a like discretion. But an order for the restriction of the issues will never be made unless the court can clearly see that this is the way of doing justice in that case. The vesting in a court of such a discretion is a very different matter from according to a litigant the right of asking that a new trial be so limited. A litigant should not be able to select for rehearing the issue decided adversely to him, and retain those issues decided in his favor. As a rule the issues are interwoven, and may not be separated without injustice to one of the parties. The practical difficulty of a rehearing before a new jury, for example, of the issue of damages, while retaining the decision of the first jury upon the issue of liability, is apparent. Usually these issues will be inextricable, interwoven. If the verdict be a compromise one, that is, one where some of the jurors have conceded liability against their judgment, and some have reduced their estimate of the damages in order to secure an agreement of lia-

bility with their fellow jurors, a new trial confined to the single issues of damage will be a serious injustice to the defendant. He has never had the issue of liability determined by the conscientious conviction of all of the jury; and that he is entitled to have. Further, "a verdict which is reached only by the surrender of conscientious convictions upon one material issue by some jurors in return for a relinquishment by others of their like settled opinion upon another issue and the result is one which does not command the approval of the whole panel, is a compromise verdict founded upon conduct subversive of the soundness of trial by jury." *Simmons* v. *Fish*, 210 Mass. 563, 571, 97 N. E. 102. In *Nathan* v. *Charlotte Street Ry. Co.*, 118 N. Car. 1066, 24 S. E. 511, the court expresses our thought (p. 1071): "The motion of counsel must be for a new trial, and while he may suggest or ask that it be partial, he cannot demand it as a right, and by his motion attempt to restrict the action of the court to one or more issues, without forfeiting his right to have the refusal of the motion reviewed." *Burnett* v. *Roanoke Mills Co.*, 152 N. Car. 35, 41, 67 S. E. 30; *Simmons* v. *Fish*, 210 Mass. 563, 97 N. E. 102; *Marshall* v. *Dalton Paper Mills*, 82 Vt. 489, 74 Atl. 108; *McBride* v. *Huckins*, 76 N. H. 206, 81 Atl. 528.

The trial court properly denied the qualified motion for a new trial.

There is no error.

In this opinion the other judges concurred.