F. E. WARREN MERCANTILE CO. v. MYERS

(No. 1882; May 8, 1935; 45 Pac. (2d) 5)

For the appellant, there were briefs and the cause was argued orally by *Edward T. Lazear*, of Cheyenne.

For the respondent, in support of the motion to dismiss and on the merits, there was a brief and the cause was argued orally by *C. E. Lane*, of Cheyenne.

*Edward T. Lazear* in resistance to motion to dismiss.

PER CURIAM.

On August 22, 1929, plaintiff and defendant entered into a written contract, by the terms of which plaintiff sold to the defendant Lot 3, Block 164, of Cheyenne, Wyoming, and a certain frame house then located on Lot 7, Block 357, of Cheyenne, for the sum of $1000, payable in five yearly instalments of $200 each. It was agreed that defendant should move the frame house onto the lot sold to the defendant not later than February 1st, 1930. The house was not to be moved immediately because it was then occupied by a tenant, and plaintiff did not want to dispossess him from the property at that time. It appears that it was necessary to obtain a permit from the City of Cheyenne in order to move the house. Defendant claims that this permit was to be procured by the plaintiff, but this is denied by the latter. In any event, when defendant undertook to move the house in January, 1930, the city refused to grant a permit. As a result, the house was, with plaintiff's consent or according to its request, torn down by the defendant, and little was realized out of the debris. Thereafter, the defendant made two payments on his contract, one for $200, and one for $400. He refused to pay more. Thereupon this action was commenced to recover the balance due on the contract, the plaintiff tendering a warranty deed to the lot sold to defendant. Defendant answered, and claimed that the plaintiff breached the contract by not procuring the permit, and that he was damaged in the sum of $1465. The case was tried to a jury. They returned two verdicts. One was in favor of the plaintiff on its petition in the sum of $400 plus interest, making a total, as we understand it, of $574.00. The other verdict was in favor of the defendant on his cross-petition, fixing the amount of his recovery in the sum of $574.00. Judgment was entered by the court on the verdict, and the sums recoverable were stated separately, as in the verdict. In other words, the court gave

judgment in favor of the plaintiff for $400 plus interest, and the costs, and judgment for the defendant in the sum of $574 and the costs. The court also ordered that plaintiff should immediately deliver to the defendant a warranty deed to lot 3, block 164 above mentioned. The former undertook to take an appeal from that part of the judgment which found in favor of the defendant in the sum of $574 and costs, and from that part which directed the delivery of a warranty deed to the property above mentioned, the notice of appeal specifically stating that plaintiff appealed from that part only, leaving, accordingly, intact that part which found in favor of plaintiff in the sum of $400 and interest. The defendant undertook to appeal from that part of the judgment which was favorable to plaintiff. But he abandoned his appeal, and thereupon filed a motion to dismiss plaintiff's appeal on the ground that it was not taken from the whole of the judgment.

The notice of appeal herein was filed prior to our decision in Cottier v. Sullivan, (Wyo.) 31 P. (2d) 675. An appeal from the whole of the judgment would probably have been taken if that decision had been known, for we think that it governs the case at bar, and that the motion to dismiss must be sustained.

Counsel was probably in part led into his error by reason of the fact that there were two verdicts, and the court, in its judgment, gave a separate recovery to the plaintiff, and a separate recovery to the defendant. But that is merely form. The separate recoveries are, in effect, but findings, or separate decisions of separate issues, and no appeal, as we held in the case above cited, can be taken therefrom. The effect of the recoveries, one offsetting the other, is that the total judgment is in reality but one, and that for the defendant and against the plaintiff. A judgment of that character should, in fact, according to practically all of the

authorities, have been entered herein. It is said in 23 Standard Ency. of Proc., 806:

"Where an established counterclaim is less than plaintiff's demand, the plaintiff has judgment for the residue only; if it equals the plaintiff's claim, the judgment must be for the defendant, and in case it exceeds what is claimed by the plaintiff, the defendant has judgment for the excess."

To the same effect are: 33 C. J. 1193-94, note 38 and a number of cases cited; 57 C. J. 516. If the court had followed the foregoing rule, no appeal from part of the judgment could have been taken; and it would seem to be clear that a violation of that rule should not open up the right to do so. The judgment in the case at bar, as it should have been entered, was the net result of the entire controversies and proceedings. Maxham v. Berne, 88 Wash. 158, 152 Pac. 673. It was an entirety, and no appeal can be taken from a part of it. Hampton v. Logan County, 4 Idaho 646, 34 Pac. 324; Cromwell v. Burr, 9 Daley 482.

Stating the situation in another way, the plaintiff is attempting to have the case retried upon part of the issues only. That, seemingly, was not permissible originally at common law. Gasoline Products Co. v. Refining Company, 283 U. S. 494, 51 S. Ct. 513, 75 L. Ed. 1188. However that may be, the practice has been changed in most, though not all, jurisdictions. 4 C. J. 1194-1195; 20 R. C. L. 223; Note L. R. A. 1915 E. 239-261. And Section 89-4803, Rev. St. 1931, provides that this court may direct a case to be retried on only part of the issues. Whether that course should be followed is a matter within the sound discretion of the court, Murray v. Krenz, 94 Conn. 503, 109 Atl. 859; Rafus v. Daley, 103 Vt. 426, 154 Atl. 695; Miller v. Katz, 256 N. Y. S. 654; Table Rock Lumber Co. v. Branch, 158 N. C. 251, 73 S. E. 164. A litigant should not be able to select for rehearing the issue decided

adversely to him, and retain the benefit of the decision in his favor. Murray v. Krenz, supra. Nor will that course be adopted, unless it appears clearly that no injustice will result from so doing. Sec. 89-4803, supra; Yazoo etc. R. Co. v. Scott, 108 Miss. 871, 67 So. 491; L. R. A. 1915E 239; Hawk v. Pine Lumber Co., 149 N. C. 10, 62 S. E. 752; Green v. Ruffin, 141 Va. 628, 127 S. E. 486; 4 C. J. 1195. Thus it should appear that the other issues have been settled rightly. 20 R. C. L. 223; Burke v. Hodge, 211 Mass. 156, 97 S. E. 920; Murray v. Krenz, supra; Holmes v. Godwin, 71 N. C. 306; Oberbeck v. Mayer, 50 Mo. App. 289; Lavelle v. Corrignio, 86 Hun. 135, 33 N. Y. S. 876. It has been held, accordingly, that though an error affects only a part of the issues, yet if it appears that the facts may be more fully developed and the questions more clearly presented, a new trial will be ordered on all the issues. Hawk v. Pine Lumber Co., supra. That course will be followed also, it has been held, if it appears, as it does in the case at bar, that the verdict is the result of compromise. Murray v. Krenz, supra; Rafus v. Daley, supra. It is not conceded herein that the issue on plaintiff's petition has been decided correctly. Nor is it clear that we are able to say at this time that it was. One question, for instance, suggested in the case is that of impossibility of performance, arising out of the fact that the city of Cheyenne would not grant a permit to move the frame house, for it is said in 13 C. J. 646 that "performance of a contract cannot be compelled, where it would involve a violation of law." Counsel for plaintiff states that such question might be in the case, if defendant had not waived it by paying part of the purchase price after the impossibility of moving the house was known. But it is not clear that the defendant should be held to have waived that point as to payments not yet made. In any event, this court has been deprived of the op-

portunity of passing upon it, and hence also of the opportunity of saying whether the issue on plaintiff's petition has been decided correctly, in view of the fact that plaintiff has not brought that part of the case to this court. Cottier v. Sullivan, supra.

The motion to dismiss the appeal must, accordingly, as already stated, be sustained.