## BASS v. DEHNER.

### No. 2909.

District Court, D. New Mexico.

Dec. 29, 1937.

Kiker & Sanchez, of Santa Fé, for plaintiff.

Gilbert & Hamilton, of Santa Fé, for defendant.

BRATTON, Circuit Judge.

This is an action for damages. Two automobiles collided on the highway near Raton, N. M. Doctor C. R. Bass was operating one of them and T. P. Detamore the other. Doctor Bass suffered personal injuries from which he lingered and died. It is alleged in the complaint that defendant negligently and carelessly crossed the center of the road and onto his left side thereof, and thus caused the accident. Negligence on the part of the defendant is denied, and by way of contributory negligence it is alleged that Doctor Bass crossed the center of the road and onto his left side thereof. Detamore died pending the action, and it was revived in the name of the executrix of his estate. The jury returned a verdict for plaintiff in the sum of $500.

The case is now pending on the motion of plaintiff to set aside the verdict and to grant a new trial because of the gross inadequacy of the amount fixed as damages. Although the motion is not limited in that respect, it was suggested on oral argument that the new trial be appropriately restricted to the issue of damages. Defendant urged: (1) That the motion be denied; and (2) that if a new trial is granted it be upon the whole case. Excellent briefs have been filed in which many cases are carefully analyzed and the questions discussed exhaustively.

Two issues were presented upon the trial and submitted to the jury. They were liability of the defendant, and damages. As to the first, the jury were charged that they could not return a verdict for plaintiff unless they found and believed that Detamore carelessly and negligently drove across the center of the road and onto his left side thereof, and that such negligence was the proximate cause of the **injury.** In addition, the issue of contribu-

tory negligence was submitted over the strenuous objection of plaintiff. The jury were further told that if Doctor Bass crossed the center of the road and onto his left side, and such negligence caused or contributed to the cause of the accident, there could be no recovery. The jury resolved the question of liability for plaintiff. As to the second issue, the uncontroverted evidence showed that Doctor Bass had a life expectancy of thirteen years; that for several years preceding the accident his earning capacity had ranged from approximately $1,800 to $4,500 per annum; and that the damage to the automobile was $350. The verdict finds no support in the evidence as to amount, and is so grossly inadequate that it cannot be upheld.

■ It is unnecessary to inquire into the law of the state as to whether a new trial may be limited or must be on the whole case. The practice in the national courts relating to motions for new trial is not governed by the Conformity Act. James P. Witherow Co. v. De Bardeleben Coal & Iron Co., 5 Cir., 99 F. 670; Louisville & N. R. Co. v. White, 5 Cir., 100 F. 239; Knight v. Illinois Cent. R. Co., 6 Cir., 180 F. 368; Chicago Life Ins. Co. v. Tiernan, 8 Cir., 263 F. 325; Cudahy Packing Co. v. City of Omaha, 8 Cir., 24 F.2d 3, certiorari denied 278 U.S. 601, 49 S.Ct. 9, 73 L.Ed. 530.

■ Apart from the statutes of the state or of the practice in its courts, the court is clothed with power to set aside the verdict in part and to limit the new trial to the issue of damages, if that issue is so separable and distinct from that of negligence as the proximate cause of the accident that the single issue can be tried without prejudice or injustice. Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188; Schuerholz v. Roach, 4 Cir., 58 F.2d 32, certiorari denied Scheurholz v. Roach, 287 U.S. 623, 53 S.Ct. 78, 77 L.Ed. 541; May Department Stores Co. v. Bell, 8 Cir., 61 F.2d 830; Massachusetts Bonding & Ins. Co. v. John R. Thompson Co., 8 Cir., 88 F. 2d 825, certiorari denied 301 U.S. 707, 57 S.Ct. 941, 81 L.Ed. 1361. But the practice is not to be commended, and should be adopted with caution only where it is clear that no prejudice will result to either party. It is appropriately followed only in furtherance of justice where the issues are not substantially connected or interwoven. Norfolk Southern R. Co. v. Ferebee, 238 U.S. 269, 35 S.Ct. 781, 59 L.Ed. 1303; Schuerholz v. Roach, supra; Simmons v. Fish, 210 Mass. 563, 97 N.E. 102, Ann. Cas.1912D, 588; Murray v. Krenz, 94 Conn. 503, 109 A. 859; Parizo v. Wilson, 101 Vt. 514, 144 A. 856.

■ The issue of liability was strenuously contested throughout the trial, and there was sharp conflict in the evidence respecting it. It required approximately a day to submit the evidence touching that question. If the question had been submitted to the court, it would have been resolved in favor of plaintiff; but it must be conceded that reasonable minds could well have taken either view of it. There was no contest concerning the injury and death of Doctor Bass. That was admitted. And there was no dispute in the evidence concerning his life expectancy and earning capacity. The undisputed evidence disclosed that he was 57 years of age; that he had a life expectancy of thirteen years; that for several years preceding the accident he had never earned less than $1,800 from the practice of his profession; and that it averaged much more than that sum. The evidence relating to that issue was submitted in less than half an hour. The real subject of the trial to which the parties addressed themselves with vigor and zeal was the question of negligence as the proximate cause of the accident. The cause was submitted to the jury in the afternoon on Saturday. The jury deliberated about two hours and returned their verdict in the late afternoon. The week-end was at hand. Considered together, these facts and circumstances create a strong suspicion that the finding for plaintiff on the issue of negligence and the insignificant amount awarded as damages, represented a compromise verdict on both issues. The conclusion is inescapable that some of the jurors surrendered their convictions upon the issue of negligence while others surrendered theirs upon the issue of reasonably adequate damages in order to reach a verdict, and that the verdict did not represent the conscientious conviction of the entire jury upon either issue. It is well settled that such a verdict cannot be divided into good and bad. It cannot be sanctioned in respect to the issue of negligence and set aside as to that of damages with a new trial limited to the latter question. To do so would be a serious injustice to the defendant. Donnatin v. Union Hardware & Metal Co., 38 Cal.App. 8, 175 P. 26, 177 P.

845; Southern Pac. Co. v. Gastelum, 36 Ariz. 106, 283 P. 719; Munden v. Johnson, 102 W.Va. 436, 135 S.E. 832; Murray v. Krenz, supra; Sayegh v. Davis, 46 R. I. 375, 128 A. 573; Sussman v. Yellow Taxicab Co., 145 A. 470, 7 N.J.Misc. 325; Juliano v. Abeles, 114 N.J.L. 510, 177 A. 666.

The motion is granted. The verdict is set aside in toto, and a new trial granted upon the case at large.