THOMAS SPARICO *v.* AUGUST MUNZENMAIER

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued November 4—decided December 3, 1947

*Edward L. Reynolds,* with whom were *John J. Kinney, Jr.,* and, on the brief, *Louis Godfried,* for the appellant (defendant).

*T. Holmes Bracken,* with whom was *Martin E. Gormley,* for the appellee (plaintiff).

JENNINGS, J. The trial court set aside a verdict for the defendant on the complaint and cross-complaint because of its failure to charge in accordance with the plaintiff's written request. Its action raises the only question on this appeal.

The action involved cross claims by the owners of cars in collision at an intersection. There was no dispute about the general situation. Route 80 in East Haven runs generally east and west. It consists of two concrete strips each ten feet wide, with shoulders. High Street enters it from the southwest at an acute angle but does not cross it. George Lepric, driving the plaintiff's truck on Route 80, was approaching this intersection from the west. The defendant was driving his Pontiac west on the same highway. The two vehicles were in collision at a point within the intersection of the two highways.

The plaintiff's claims of proof described the accident substantially as follows: The defendant turned to his left before he reached the intersection of the center lines of the two highways to turn into High Street; he was then about fifty feet from the plaintiff's truck. Lepric, in an effort to avoid a collision, turned to his left. The defendant then tried to cut back into the north panel and the cars collided in about the center of Route 80.

The plaintiff seasonably filed the following written request to charge: "Any person shall, at the intersection of public highways, keep to the right of the intersection of the centers of such highways when turning to the left. Section 1639 General Statutes of Connecticut, Revision of 1930." The trial

court inadvertently failed so to charge and it set the verdict aside on that ground and stated that "There is no doubt in my mind but that the failure to submit the requested specification was harmful error." The charge requested was relevant to the claims of proof and was supported by a specific allegation of negligence, in substantially the same words, in the plaintiff's answer to the defendant's cross-complaint. The ruling must stand unless one of the defendant's numerous claims is valid.

Section 1639 has been amended by § 544e of the Cumulative Supplement of 1939, but the part applicable to this case was not changed. The late filing of the answer during the trial does not help the defendant. It was in the file when the case went to the jury. The fact that the court repeatedly, in various ways, charged that any person meeting another on the highway is under a duty to seasonably turn to the right so as to yield half of the traveled portion of the highway to the other does not cover the specific request in question and does not cure the error. Allegations in the plaintiff's pleadings and claims of proof inconsistent with his vital claim that "the defendant in turning left did not keep to the right of the intersection of the center lines" do not preclude him from receiving redress for the court's failure to charge as requested. The most persuasive argument of the defendant is based on the fact that the agreed point of impact is claimed to be west of the center of the intersection of the two highways, and he argues from this that he must have passed this point before the impact and that therefore the charge requested was irrelevant. In the first place, owing to the very irregular character of the intersection and the absence of any finding as

to the exact location of the centers of the two high-
ways, the defendant's premise is not established;
nor is the map annexed to the finding sufficient for
determining that point. In the second place, even
if the premise was established it is doubtful whether
it would rule out the necessity for the charge under
the claims of proof, when the defendant is alleged
to have started his left turn just before reaching
the center of the intersection. *Gorham* v. *Cohen*,
102 Conn. 567, 569, 129 A. 523. A very similar
factual situation is discussed at length in *Estabrook*
v. *Main*, 110 Conn. 271, 147 A. 822.

There remains the question whether the trial
court was correct in setting aside the verdict in its
entirety or whether, as claimed by the defendant,
only the verdict on his cross-complaint should have
been set aside. The allegation on which the request
to charge was based appeared neither in the com-
plaint nor in the answer and special defense but in
the plaintiff's answer to the defendant's cross-com-
plaint. It is, of course, true that the two actions
were independent. *Davis* v. *Naugatuck Valley
Crucible Co.*, 103 Conn. 36, 37, 130 A. 162; *Moran* v.
*Lewis*, 131 Conn. 680, 681, 41 A. 2d 905. Technically,
the error committed, therefore, did not affect the
action tried on the plaintiff's complaint. Where,
however, the issues are as closely interwoven as they
are in this case and, generally, in cases of this char-
acter, it is within the discretion of the trial court
to set the verdict aside in its entirety if justice to
all of the parties requires that course. *Murray* v.
*Krenz*, 94 Conn. 503, 507, 109 A. 859; *Hawley* v.
*Rivolta*, 131 Conn. 540, 543, 41 A. 2d 104. The mem-
orandum of decision indicates that the point was
carefully considered by the trial court and that the

entire verdict was set aside on this ground. Its discretion was not abused.

There is no error.

In this opinion the other judges concurred.