[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM IN RE: MOTION TO SET ASIDE VERDICT AND MOTION FOR ASSESSMENT OF INTEREST
"After the acceptance of a verdict and within the time stated in Sec. 320 for filing a motion to set a verdict aside, a party who has moved for a directed verdict may move to have the verdict and any judgment rendered thereon set aside and have judgment rendered in accordance with his motion for a directed verdict. . . . If a verdict was returned the court may allow the judgment to stand or may set the verdict aside and either order a new trial or direct the entry of judgment as if the requested verdict had been directed."
Practice Book 321. "When the court grants a motion to set a verdict aside, it shall file a memorandum stating the grounds of its decision." Practice Book 322. There are generally four bases for a motion to set aside a verdict: (1) the verdict is contrary to law; (2) the verdict is against the evidence; (3) the verdict is excessive; and (4) the verdict is inadequate. Practice Book Annotated 320, Authors' Comments 4.
The first basis of the defendant's motion deals with the summation made by the plaintiff's attorney. The defendant maintains that the court erred by allowing plaintiff's counsel to state to the jury that he felt the case may be worth $2,000,000. "The trial court is invested with large discretion with regard to the arguments of counsel. . ." Tomczuck v. Alvarez, 184 Conn. 182,193, 439 A.2d 935 (1981). Further, this practice is specifically allowed by General Statutes section 52-216b so long as the court instructs the jury that such statements are not evidence.
The parties disagree whether the court instructed the jury that the statements were not evidence.
The second, third and fourth grounds of the defendant's motion are arguments that the verdict should be set aside as contrary to law.
 [t]he main basis for setting aside a verdict as contrary to law is an error in the charge to the jury. If the court is convinced that it made an error in the charge to the jury and the error materially prejudiced the moving party, it will set aside the verdict and allow a new trial. CT Page 2004
Id., Authors' Comments 4(c), citing Sparico v. Munzenmaier,134 Conn. 194, 56 A.2d 165 (1947).
 It is proper for a trial court, using due caution, and in the exercise of its discretion, to set aside a verdict when satisfied that its instructions to jury or its rulings on evidence were erroneous and that those erroneous instructions or rulings were consequential enough to have had a substantial effect on the verdict.
Ardoline v. Keegan, 140 Conn. 552, 102 A.2d 152 (1954).
With respect to the second and third grounds of the motion — the jury charge and the testimony by the plaintiff's accident reconstruction expert — the plaintiff argues that the defendant never took exception to the court's ruling on the issues. It is true that the defendant did not take an exception, and those rulings cannot be the basis of a motion to set a verdict aside. "By failing to take an exception to the court's charge to the jury, the defendant accepted the instructions as law of the case. It necessarily follows that a verdict rendered in accordance with the unexcepted-to charge of the court is not a verdict contrary to law." (Citations and internal quotations omitted.) Oakes v. New England Dairies, Inc., 219 Conn. 1, 591 A.2d 1261 (1991).
The fourth ground of the defendant's motion (regarding the negligence of the present police superintendent and the car driver) argues that the court should set the verdict aside as being against the weight of the evidence. The court gives great deference to the jury's verdict. The court should not set the verdict aside unless it finds "that the jury could not reasonably and legally have reached their conclusion." Bound Brook Association v. Norwalk, 198 Conn. 660, 667, 504 A.2d 1047 (1986). In considering the motion the court gives the evidence "the most favorable consideration in support of the verdict of which it is reasonably capable." Practice Book Annotated 320, Authors' Comments 4(b), citing Healy v. White, 173 Conn. 438, 442,378 A.2d 540 (1977) overruled on other grounds, 215 Conn. 377, 398 n. 11,576 A.2d 474 (1990).
The final basis of the defendant's motion is that the verdict was excessive and should be set aside. It is noted that General CT Page 2005 Statutes 52-228b provides that in a civil action, a verdict for money damages may not "be set aside solely on the ground that the damages are excessive unless the prevailing party has been given an opportunity to have the amount of the judgment decreased by so much thereof as the court deems excessive. That is not the case here.
The court denies the defendant's motion to set aside the verdict, and now proceeds to decide whether to grant the plaintiff's motion for assessment of interest against the defendant. The plaintiff's motion is controlled by Giannitti v. Stamford, 25 Conn. App. 67, 78, 593 A.2d 140 (1991). In Giannitti, the Appellate Court ruled that prejudgment interest charges could be awarded against the City of Stamford on a General Statutes 13a-149 defective highway claim. The court reasoned that
 our case law clearly supports the notion that prejudgment interest may be awarded as part of damages assessed against a municipality just as it would be against any private party defendant. Brown v. Southbury, 53 Conn. 212, 1 A. 95 (1927); Southern New England Ice Co. v. West Hartford, 114 Conn. 496, 159 A. 470
(1932); Venizia v. Fairfield, 118 Conn. 325, 333, 172 A. 90 (1934); see also 47 Am.Jur.2d 679. The defendant does not cite and our research has not uncovered any case in which a municipality was held to be immune from the imposition of interest after its liability for damages has been decided by the fact finder."
Id., 78.
The defendant attempts to distinguish Giannitti by arguing that it should be limited to actions arising under the defective highway statute. There is nothing in the Appellate Court's opinion to support such a distinction. Rather, the opinion expressly states that "interest may be awarded as part of damages assessed against a municipality just as it would be against any private party defendant." Id. Accordingly, the court grants the plaintiff's motion for assessment of interest against the defendant.
SYLVESTER, J. CT Page 2006