JOSEPHINE HAREWOOD *v.* ANGIE CARTER
(AC 20202)

Foti, Flynn and Dupont, Js.

Argued February 15—officially released May 1, 2001

*Duane Lueders*, for the appellant (plaintiff).

*Peter Barrett*, with whom, on the brief, was *Douglas A. Casale*, for the appellee (defendant).

*Opinion*

DUPONT, J. The first issue to be decided in this case, which arises out of a motor vehicle accident, is whether the trial court improperly granted the defendant's motion for a directed verdict on count two of the plaintiff's complaint, which alleged a violation of General Statutes §§ 14-227a[1] and 14-218a[2] and made a concomi-

---

[1] General Statutes (Rev. to 1997) § 14-227a provides in relevant part: "(a) Operation while under the influence. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105 . . . or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a . . . (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight.

"(b) Operation while impaired. No person shall operate a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105 . . . or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a . . . while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor. A person shall be deemed impaired when at the time of the alleged offense the ratio of alcohol in the blood of such person was more than seven-hundredths of one per cent of alcohol, by weight, but less than ten-hundredths of one per cent of alcohol, by weight. . . ."

[2] General Statutes § 14-218a (a) provides in relevant part: "No person shall operate a motor vehicle upon any public highway of the state, or road of any specially chartered municipal association . . . at a rate of speed greater

tant claim for double or treble damages pursuant to General Statutes § 14-295.[3] Because we conclude that the court should not have granted the motion and that a new trial is necessary, we reach the second issue, that is, whether the parties must relitigate issues raised in count one, which alleged simple negligence. We conclude that the new trial should be limited to the issues raised in count two.

The court granted the defendant's motion for a directed verdict on count two of the plaintiff's complaint due to insufficient evidence.[4] The jury returned

than is reasonable, having regard to the width, traffic and use of highway, road . . . the intersection of streets and weather conditions. . . ."

[3] General Statutes § 14-295 provides in relevant part: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a . . . [or] 14-227a . . . and that such violation was a substantial factor in causing such injury, death or damage to property."

[4] In granting the motion for a directed verdict, the court stated: "Having heard the arguments on the motion for directed verdict, I find that a directed verdict is proper and so I grant the motion. I find that based on the evidence the jury could not reasonably and legally reach any other conclusion than embodied in the verdict as directed. The evidence to support the recklessness [conduct] claim, which includes allegations of speed and allegations of driving while intoxicated, is so weak that it would be proper for this court to set aside a verdict rendered for the plaintiff on that claim for the jury to render one.

"The court has viewed the evidence in the light most favorable to the plaintiff and finds that the evidence viewed in this way suggests that the defendant did have slurred speech at her home after the accident, that she did appear disoriented after the accident at her home [and] that she did stumble across the living room. All of these were observations of a police officer. However, the police officer never related that behavior to intoxication and, in fact, testified that he did not smell alcohol on the defendant's breath, nor did he see her consume alcohol.

"Therefore, there was no evidence to support a conclusion that she was driving while impaired by the consumption of intoxicating liquor as was claimed by the plaintiff. There was no evidence as to the manner in which she operated the motor vehicle. And there was no evidence as to the speed at which she was traveling.

"In sum, there was no evidence of recklessness or reckless conduct. The

a verdict for the plaintiff on her negligence count, count one, and awarded $4136.77 in economic damages and $10,000 in noneconomic damages. Neither the defendant nor the plaintiff has appealed from the judgment for the plaintiff on count one. Moreover, neither party claims any impropriety as to liability or compensatory damages concerning that count.

The plaintiff filed a motion to set aside the directed verdict on count two and for a new trial as to count two only, which the court denied. The plaintiff has appealed from the judgment for the defendant on count two only.

The plaintiff claims that she provided sufficient evidence for the jury to conclude by a fair preponderance of the evidence that the defendant violated § 14-227a when she rear-ended the plaintiff's vehicle. She also claims, as alleged in count two of her complaint, that if the evidence was sufficient, § 14-295 would entitle her to double or treble damages if the violation was found to be a substantial factor in causing her injuries.

Our standard of review of a directed verdict is well settled. A trial court should direct a verdict for a defendant if, viewing the evidence in the light most favorable to the plaintiff, a jury could not reasonably and legally reach any other conclusion than that the defendant is entitled to prevail. *Gagne* v. *Vaccaro*, 255 Conn. 390, 400, 766 A.2d 416 (2001); *Zanoni* v. *Hudon*, 48 Conn. App. 32, 36, 708 A.2d 222, cert. denied, 244 Conn. 928, 711 A.2d 730 (1998). In assessing the evidence, the court should weigh both direct and circumstantial evidence, including all reasonable inferences to be drawn there-

[allegation is one of] operating her motor vehicle under the influence of intoxicating beverage at the scene of the accident, and I must bear in mind that the burden is on the plaintiff to provide this proof of deliberate or reckless operation.

"Therefore, finding that the plaintiff has not met that burden of presenting sufficient evidence to present the claim to the jury, I grant the motion for directed verdict."

from. See *McNeff* v. *Vinco, Inc.*, 59 Conn. App. 698, 702, 757 A.2d 685 (2000).

The jury reasonably and logically could have found that the defendant operated a motor vehicle while impaired by intoxicating liquor in violation of § 14-227a (b) or that she operated a motor vehicle while traveling unreasonably fast in violation of § 14-218a. The underlying facts for that conclusion follow. The plaintiff was traveling at approximately twenty-five miles per hour in a thirty mile per hour zone on Woodland Street in Hartford when the defendant rear-ended her vehicle, pushing it two car lengths forward into the car in front of hers. The defendant did not get out of her car at the scene, although a passenger in the defendant's car surveyed the damage after exiting the defendant's car. The defendant then drove her car to her home a short distance away. No more than thirty minutes later, an investigating officer interviewed the defendant at her home and observed that she was acting in a disoriented manner, slurring her speech and stumbling while walking across her living room floor, although there was no impediment on the floor. The defendant told the officer that she had no recollection of an accident and denied being involved in or witnessing an accident. The defendant refused to answer any questions posed by the officer regarding the consumption of alcohol prior to any accident.

On the basis of those facts and the reasonable inferences drawn from them, we conclude that the court should not have directed a verdict for the defendant on count two of the plaintiff's complaint. A retrial is, therefore, necessary. The question now becomes whether we should limit the retrial to count two or whether the trial should embrace count one as well. We turn to case law and General Statutes § 52-266[5] to answer that question.

---

[5] General Statutes § 52-266 provides: "If several issues are presented by the pleadings and, on the trial of one or more of such issues, an error or

The defendant argues that a new trial, if we conclude that one is necessary, should involve all of the issues raised in the plaintiff's complaint, namely, those raised in counts one and two. The plaintiff argues that the parties need not relitigate the issues relating to count one, namely, negligence and compensatory damages. Both parties primarily base their positions on the leading case of *Murray* v. *Krenz*, 94 Conn. 503, 109 A. 859 (1920). Neither we nor the parties are aware of any appellate decision that is determinative of whether, when a new trial is necessary because a court should not have directed a verdict on a statutory cause of action for punitive damages, only the statutory cause of action should be tried or if the retrial should also include the cause of action for negligence that previously had been determined by the jury. Although our Supreme Court has considered the question of the severability of liability and damages when a new trial is warranted where there are multiple separate causes of action stated in multiple separate counts and verdicts; see *DeLaurentis* v. *New Haven*, 220 Conn. 225, 268–69, 597 A.2d 807 (1991);[6] we know of no Connecticut appellate decision that has decided the question where a jury has returned a verdict on only one of the counts.

*Murray* and many of the cases decided thereafter concern one cause of action where the issue is whether the liability and damages issues are inextricably woven

ground for a new trial intervenes which does not affect the legality of the trial or disposition of the other issue or issues, judgment shall not be arrested or reversed, nor a new trial granted, except so far as relates to the particular issue or issues in the trial of which such error or ground for a new trial intervened."

[6] In *DeLaurentis*, the plaintiff could not recover greater damages regardless of whether liability was founded on both counts or only one of the counts in the plaintiff's complaint. The court severed the damages from liability and ordered a new trial as to damages only on one of the counts, and reversed the judgment based on the verdict for the plaintiff as to the other count. *DeLaurentis* v. *New Haven*, supra, 220 Conn. 268–70.

together so as to require a trial de novo of both issues and do not involve, as the present case does, two separate causes of action arising out of the same incident. See, e.g., *George* v. *Ericson*, 250 Conn. 312, 332–33, 736 A.2d 889 (1999) (single negligence cause of action); *Fazio* v. *Brown*, 209 Conn. 450, 457, 551 A.2d 1227 (1988) (same); *Malmberg* v. *Lopez*, 208 Conn. 675, 683, 546 A.2d 264 (1988) (single wrongful death cause of action); *Wendland* v. *Ridgefield Construction Services, Inc.*, 190 Conn. 791, 796–97, 462 A.2d 1043 (1983) (single negligence cause of action); *Sparico* v. *Munzenmaier*, 134 Conn. 194, 197, 56 A.2d 165 (1947) (same); *Niles* v. *Evitts*, 16 Conn. App. 696, 699–700, 548 A.2d 1352 (1988) (same).

In *Murray*, the plaintiff filed a motion to set aside the verdict and for a new trial only as to the issue of damages, but sought to enforce the verdict as to the jury's determination of the defendant's liability. The trial court denied the motion, concluding that a new trial on the question of damages alone would do injustice to the defendant. *Murray* v. *Krenz*, supra, 94 Conn. 504–505. Our Supreme Court concluded that the trial court was correct and outlined the general principles involved, which subsequent cases have followed. "If the error committed by the trial court be confined to a single issue, it limits the retrial to that single issue, when this can be done without prejudice to individual rights or judicial procedure. . . . Where the error as to one issue or issues is separable from the general issues, the new trial may be limited to the error found, provided that such qualification or limitation does not work injustice to the other issues or the case as a whole." (Citations omitted.) Id., 507. The inadequacy of damages usually is so interwoven with liability that justice cannot be done without a new trial on the whole case.

When there is an inherent ambiguity in a verdict so that it is impossible to understand what the jury found on the issue of liability, a new trial must be had on the issues of both liability and damages. See *Malmberg* v. *Lopez*, supra, 208 Conn. 683. Whenever the issues of damages and liability are closely interwoven, fairness dictates that a new trial must include both the issue of damages and liability. *Fazio* v. *Brown*, supra, 209 Conn. 456–57.

The foregoing cases are consistent with § 52-266, which empowers a court to order a retrial restricted in scope to a unique issue or issues. Following the established principles propounded in the progeny of *Murray*, we must decide if count two can be separated from count one without prejudicing the rights of either the plaintiff or the defendant. In deciding that question, we must, therefore, also consider the language of § 52-266. See *Wendland* v. *Ridgefield Construction Services, Inc.*, supra, 190 Conn. 796.

The jury found that the defendant was negligent and responsible for the plaintiff's personal injuries in the amount of $4136.77 in economic damages and $10,000 in noneconomic damages. Neither party claims, and no reason exists for us to conclude, that the jury was misled or confused about liability or the compensatory damages as to count one. Count two relates to whether the trier should award double or treble damages, *not* to whether the amount of damages awarded in another count was appropriate. The claims in each count rest on different theories of liability. The liability issues of count two are unrelated to the liability issues of count one. Whether to award punitive damages is a different question than what compensatory damages ought to be. The findings of fact on which a jury might decide to award increased damages are different from those necessary for compensatory damages. See *Bishop* v. *Kelly*, 206 Conn. 608, 620, 539 A.2d 108 (1988).

Although retrial usually requires a trial de novo, there are exceptions that make a trial de novo unnecessary. See *DeLaurentis* v. *New Haven,* supra, 220 Conn. 269–70; *Nash* v. *Hunt,* 166 Conn. 418, 431, 352 A.2d 773 (1974); *Bradford* v. *Herzig,* 33 Conn. App. 714, 725–26, 638 A.2d 608, cert. denied, 229 Conn. 920, 642 A.2d 1212 (1994). Liability on the basis of negligence is not so intertwined with the statutory liability of § 14-295 as to require the relitigation of a negligence cause of action. See *Bradford* v. *Herzig,* supra, 725–26. The plaintiff's claim of entitlement to an award based on § 14-295 can be remedied without setting aside the verdict as to count one. The jury already found the proper amount to award the plaintiff for her injuries. It remains for a jury to decide only whether there was a statutory violation and, if so, whether it should double or treble the award because of that statutory violation. We, therefore, affirm the judgment as to count one and remand the case for a trial as to count two.

The judgment as to count one is affirmed. The judgment as to count two is reversed and the case is remanded for a trial only as to count two.

In this opinion the other judges concurred.