******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# CHANNING REAL ESTATE, LLC *v.* BRIAN GATES
## (SC 19575)

Palmer, Eveleigh, McDonald, Espinosa, Robinson and Vertefeuille, Js.

*Syllabus*

The plaintiff limited liability company appealed to this court from the judgment of the Appellate Court, which reversed the judgment of the trial court and ordered a new trial. The defendant was a co-owner and member of F Co., a limited liability company that owned commercial real estate. On six different occasions, the defendant executed a promissory note in exchange for funds that the plaintiff provided to him. Each of the six notes included an identical clause that precluded oral modification of the note. After the defendant failed to make any payments on the notes, the plaintiff brought a breach of contract action. The defendant alleged four special defenses and filed a three count counterclaim. The plaintiff filed a motion in limine to preclude any extrinsic evidence that varied the terms of the notes, including the evidence the defendant sought to introduce to support his claim that the funds that the plaintiff had provided to him were interim payments made in exchange for an interest in commercial real estate owned by F Co. The trial court denied the plaintiff's motion, concluding that the parol evidence rule did not bar the introduction of extrinsic evidence to vary the terms of the notes because the notes were not integrated as a result of the parties' failure to reduce to writing their full agreement, including the proposed real estate transaction. The trial court rendered judgment for the defendant on, inter alia, the complaint and on the third count of the counterclaim alleging a violation of the Connecticut Unfair Trade Practices Act (§ 42-110a et seq.). On appeal to the Appellate Court, the plaintiff claimed, inter alia, that the trial court improperly had admitted parol evidence to vary the terms of the notes. The Appellate Court concluded that the notes were integrated and that their terms were unambiguous, and, therefore, that the parol evidence rule barred the introduction of extrinsic evidence. The court remanded the case for a new trial on the basis of its conclusion that the introduction of parol evidence was an error that permeated the trial court's findings and undermined its entire judgment, and stated that, on remand, the defendant was entitled to allege and prove any exceptions he may have to the parol evidence rule as a special defense or counterclaim, including a violation of CUTPA. On the granting of certification, the plaintiff appealed to this court. *Held*:

1. This court concluded that, although the Appellate Court properly determined that the parol evidence rule barred the introduction of extrinsic evidence to vary the terms of the notes, that court improperly remanded the case for a new trial rather than directing judgment for the plaintiff on the issue of liability and ordering a hearing in damages: each note having contained language that barred the introduction of extrinsic evidence under the applicable parol evidence rule, and the defendant having failed to present any valid defenses or counterclaims that served as exceptions to the parol evidence rule, the trial court's findings pertaining to the extrinsic evidence were irrelevant, and the trial court's remaining findings regarding the terms of the notes and the defendant's failure to pay any of the amounts due thereunder were sufficient to establish the defendant's liability as a matter of law, rendering a new trial on remand unnecessary; furthermore, this court declined to address the defendant's unpreserved claim that, notwithstanding the application of the parol evidence rule, certain actions of the plaintiff effected a postcontractual modification of the notes, providing him with a valid and meritorious special defense in equitable estoppel that entitled him to a new trial on remand, the defendant having failed to raise this distinct claim in the trial court.

2. A new trial on the count of the defendant's counterclaim alleging a violation of CUTPA was unwarranted because it was F Co. rather than the defendant who would have had standing to assert a CUTPA claim against the plaintiff; F Co. was a limited liability company and thus a

distinct legal entity from the defendant, the injuries the defendant alleged in the CUTPA count of his counterclaim were those allegedly suffered by F Co., specifically, and not the defendant, and, because a member of a limited liability company, such as the defendant, cannot recover for an injury allegedly suffered by the company itself, the defendant lacked standing to pursue his CUTPA claim.

Argued November 16, 2016—officially released July 4, 2017

*Procedural History*

Action to recover on six promissory notes, and for other relief, brought to the Superior Court in the judicial district of Windham, where the defendant filed a counterclaim; thereafter, the court, *A. Santos, J.*, denied the plaintiff's motion to preclude certain evidence; subsequently, the case was tried to the court, *A. Santos, J.*; judgment for the defendant on the complaint and in part on the counterclaim, from which the plaintiff appealed to the Appellate Court, *Sheldon, Keller* and *Bear, Js.*, which reversed the trial court's judgment and remanded the case for a new trial, and the plaintiff, on the granting of certification, appealed to this court. *Affirmed in part; reversed in part; judgment directed; further proceedings*.

*Linda L. Morkan*, with whom was *Stuart D. Rosen*, for the appellant (plaintiff).

*Frank J. Liberty*, for the appellee (defendant).

*Opinion*

ESPINOSA, J. The plaintiff, Channing Real Estate, LLC, appeals from the judgment of the Appellate Court, which reversed the judgment of the trial court in favor of the defendant, Brian Gates, on both the plaintiff's complaint seeking recovery on six promissory notes (notes) and on the defendant's counterclaim alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. *Channing Real Estate, LLC* v. *Gates*, 159 Conn. App. 59, 83, 122 A.3d 677 (2015). The plaintiff, which prevailed in the Appellate Court, challenges only the scope of the court's remand order, claiming that it improperly ordered a new trial rather than restricting the proceedings on remand to a hearing in damages. The plaintiff contends that a new trial is unnecessary because the Appellate Court's proper application of the parol evidence rule resolved the issue of liability on the notes in favor of the plaintiff as a matter of law and because the defendant lacks standing to raise a CUTPA claim.[1] The defendant argues that the Appellate Court correctly concluded that a new trial is necessary to allow him to pursue valid special defenses and counterclaims. We conclude that a new trial is unnecessary, and, accordingly, reverse in part the judgment of the Appellate Court.

The trial court found the following relevant facts. The plaintiff is a limited liability company organized under New York law, with Douglas Chan as principal. The defendant was a co-owner and member of Front Street Commons, LLC (Front Street Commons), a limited liability company organized under Connecticut law that owned commercial real estate in Putnam.

On six different occasions between January, 2008, and February, 2009, the defendant executed a promissory note in exchange for funds that the plaintiff provided to him. The total principal amount of the six notes was $281,272.74. The defendant has made no payments on any of the notes.

With the exception of the principal amounts and maturity dates, the terms of each of the six notes were identical. In each note, the defendant promised to pay the corresponding principal amount to the defendant with annual interest at the rate of 14 percent. If the notes were not paid by the maturity dates, their terms called for the payment of interest either at 16 percent annually or the highest rate permitted under New York law, whichever was higher. Each note set forth the address to which the defendant was to send his payments and in what form those payments were to be made. The terms of each note also stated that the defendant promised to pay all reasonable collection costs, including attorney's fees. Finally, each note included the following clause precluding oral modification of the

contract: "This [n]ote may not be changed, modified or discharged, nor any provision waived, orally, but only in writing, signed by the party against whom enforcement of any such change, modification, discharge or waiver is sought."

On December 15, 2009, the plaintiff demanded payment of all six notes and, after the defendant failed to make any payments, brought this action for breach of contract, seeking to collect principal, interest, costs, and fees as provided in the notes. The defendant alleged four special defenses and filed a three count counterclaim, all of which related to the parties' failed negotiations pertaining to a proposed real estate transaction through which the plaintiff would have acquired an interest in the commercial real estate owned by Front Street Commons. The defendant asserted special defenses of fraud in the inducement, unjust enrichment, innocent or negligent misrepresentation, and promissory estoppel. The defendant's counterclaim alleged fraud, negligent misrepresentation, and a violation of CUTPA, and sought, inter alia, damages for lost rents in connection with the failed real estate transaction.

The plaintiff filed a pretrial motion in limine claiming that the parol evidence rule barred the trial court from considering any extrinsic evidence that varied the terms of the notes because the notes are written, integrated, and the terms stated therein are unambiguous. The extrinsic evidence the plaintiff sought to exclude related to the defendant's claim that the notes were not promises to repay loans but were issued in connection with the proposed real estate transaction between the parties. Specifically, the defendant claimed that, rather than loans, the funds that the plaintiff had paid to him were interim payments made in exchange for an interest in the commercial real estate owned by Front Street Commons. The sole purpose of the notes, according to the defendant, was to protect the plaintiff's investment in the event that the defendant backed out of the proposed transaction or the commercial property was destroyed.

The trial court denied the plaintiff's motion in limine, concluding that the parol evidence rule did not bar the introduction of extrinsic evidence to vary the terms of the notes. The trial court determined that the parol evidence rule did not apply because it found that the notes were not integrated as a result of the parties' failure to reduce to writing what the court deemed to constitute their full agreement—the proposed real estate transaction. Relying on the extrinsic evidence presented by the defendant, the trial court ruled in his favor on the plaintiff's complaint, and on the third and fourth special defenses alleging negligent misrepresentation and estoppel, as well as the third count of the counterclaim alleging a violation of CUTPA. Lastly, the trial court found for the plaintiff on the defendant's

first and second special defenses alleging fraud in the inducement and unjust enrichment, and on the first count of the defendant's counterclaim alleging fraud in the inducement. Although in its memorandum of decision the trial court ruled in favor of the defendant's counterclaim for negligent misrepresentation, it did not award any damages in connection with that claim.[2] The trial court awarded the defendant $25,575 in attorney's fees on the CUTPA claim.[3] See General Statutes § 42-110g (d).

The plaintiff appealed to the Appellate Court claiming, inter alia, that the trial court improperly admitted parol evidence to vary the unambiguous terms of the notes, each of which was a fully integrated agreement. The Appellate Court examined the notes and agreed that they were integrated and that their terms were unambiguous. The court therefore reversed the judgment of the trial court, concluding that the parol evidence rule barred the introduction of extrinsic evidence to vary the terms of the notes. *Channing Real Estate, LLC* v. *Gates*, supra, 159 Conn. App. 81–83. Unlike the trial court—which examined the notes and the parol evidence rule under Connecticut law—the Appellate Court applied New York law, but observed that "there are no material differences between New York and Connecticut law as applied to the facts of the present case." Id., 73.

The Appellate Court remanded the case for a new trial on the basis of its conclusion that the introduction of parol evidence to vary the terms of the notes was "an error that permeate[d] the [trial] court's findings and undermine[d] its entire judgment." Id., 83. The court stated that, "[o]n remand, the plaintiff is . . . entitled to the opportunity to prove its damages with respect to each of the notes, the existence and written terms of which the defendant does not dispute. The defendant is entitled on remand to allege and prove any of the defenses [he] may have to each of the notes in accordance with the recognized exceptions under New York law to the parol evidence rule. . . . The only exceptions to the parol evidence rule that the defendant has pleaded as a special defense or counterclaim are mistake,[4] fraud, and a violation of CUTPA. On remand, the trier of fact should analyze separately each of the defendant's valid defenses under New York law with respect to each of the notes, and each count of the counterclaim alleged by the defendant, at least one of which, the CUTPA count, is subject to Connecticut law, in accordance with this opinion. . . . To the extent that the negligent misrepresentation and CUTPA counts of the counterclaim can still be pursued by the defendant, it is likely that those claims, on the basis of the alleged place of injury, will be subject to Connecticut law." (Citations omitted; footnote added.) Id., 82–83.

The plaintiff filed a motion for reconsideration or

clarification, requesting that the court restrict its remand of the case to order only a hearing in damages. The plaintiff also requested that the court address the plaintiff's claims that the defendant lacked standing to pursue a CUTPA claim and that CUTPA did not apply to the parties. The Appellate Court denied the plaintiff's motion. This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiff first contends that although the Appellate Court properly concluded that the application of the parol evidence rule to the facts of the present case required reversal of the judgment of the trial court, it improperly ordered a new trial rather than ordering only a hearing in damages. We agree that the Appellate Court properly held that the parol evidence rule barred the introduction of extrinsic evidence to vary the terms of the notes. Because that conclusion resolved all questions regarding the defendant's liability under the notes, we conclude that the Appellate Court improperly remanded the case for a new trial rather than directing judgment for the plaintiff and ordering a hearing in damages.

The Appellate Court considered whether the substantive contract law of New York or Connecticut applied to its interpretation and construction of the notes. *Channing Real Estate, LLC* v. *Gates*, supra, 159 Conn. App. 72. The notes did not contain a choice of law provision but did require the defendant to make payment by mail to the plaintiff in New York. The court, citing § 195 of the Restatement (Second) of Conflict of Laws, determined that the local law of the state where the contracts required that payment be made was applicable and, therefore, applied the substantive contract law of New York. Id., 73–74; 1 Restatement (Second), Conflict of Laws § 195 (1971). New York's parol evidence rule is clear. "Briefly, absent fraud or mutual mistake, where the parties have reduced their agreement to an integrated writing, the parol evidence rule operates to exclude evidence of all prior or contemporaneous negotiations between the parties offered to contradict or modify the terms of their writing." *Marine Midland Bank-Southern* v. *Thurlow*, 53 N.Y.2d 381, 387, 425 N.E.2d 805, 442 N.Y.S.2d 417 (1981). Furthermore, under New York's parol evidence rule, "extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face." (Internal quotation marks omitted.) *W.W.W. Associates, Inc.* v. *Giancontieri*, 77 N.Y.2d 157, 163, 566 N.E.2d 639, 565 N.Y.S.2d 440 (1990).

The Appellate Court reviewed the terms of the notes and determined that "[e]ach of the six notes represented and reflected a specific transaction between the parties. Standing alone, each note constituted an integrated agreement, supported by new and different consider-

ation, and was enforceable separately according to its unambiguous terms." *Channing Real Estate, LLC* v. *Gates*, supra, 159 Conn. App. 78. On the basis of that conclusion, the Appellate Court applied the parol evidence rule and held that the trial court improperly admitted extrinsic evidence to vary the terms of the notes. Our review of the notes leads us to the same conclusion. The clause in each note prohibiting oral modification is clear. Accordingly, the Appellate Court properly concluded that the parol evidence rule barred the consideration of extrinsic evidence. Id., 77–79; see *Marine Midland Bank-Southern* v. *Thurlow*, supra, 53 N.Y.2d 387.

The remaining question is whether, in light of the Appellate Court's correct conclusion that the parol evidence rule precluded consideration of the extrinsic evidence relied on by the defendant, the Appellate Court properly remanded the case for a new trial rather than directing judgment and ordering a hearing in damages. Whether the Appellate Court properly determined the scope of a remand order is a question of law over which this court's review is plenary. See, e.g., *State* v. *Tabone*, 301 Conn. 708, 713–14, 23 A.3d 689 (2011).

When no question of liability remains, given the undisputed facts in the record, the appropriate scope of the remand is limited to a hearing in damages. See *Allstate Ins. Co.* v. *Palumbo*, 296 Conn. 253, 268, 994 A.2d 174 (2010) ("[t]here are times . . . when the undisputed facts or uncontroverted evidence and testimony in the record make a factual conclusion inevitable so that a remand to the trial court for a determination would be unnecessary" [internal quotation marks omitted]); *Waterbury* v. *Washington*, 260 Conn. 506, 583, 800 A.2d 1102 (2002) (remand for decision on unreached elements of claim is unnecessary if remaining elements can be determined as matter of law on record); *Coppola Construction Co.* v. *Hoffman Enterprises Ltd. Partnership*, 157 Conn. App. 139, 171–72, 117 A.3d 876 (remand for new trial was unnecessary when all elements of cause of action for breach of contract had been proven), cert. denied, 318 Conn. 902, 122 A.3d 631 (2015); see also *State* v. *Carbone*, 172 Conn. 242, 254, 374 A.2d 215 ("The reversal of a judgment annuls it, but does not necessarily set aside the foundation on which it rests. This foundation may be sufficient to support a judgment of a different kind, and may be such as to require it. A reversal therefore is never, standing alone, and ex vi termini, the grant of a new trial. If the error was one in drawing a wrong legal conclusion from facts properly found and appearing on the record, it would be an unnecessary prolongation of litigation to enter again on the work of ascertaining them." [Internal quotation marks omitted.]), cert. denied, 431 U.S. 967, 97 S. Ct. 2925, 53 L. Ed. 2d 1063 (1977).

In the present case, our review of the record reveals

that a remand to the trial court for a new trial is unnecessary because there is no question as to the defendant's liability under the notes. The trial court, in its findings of fact, set forth certain terms of the notes and the undisputed fact of the defendant's failure to pay any of the amounts listed in them. Most significantly, there is no dispute that each of the six notes contains the language that both this court and the Appellate Court have concluded bars the introduction of extrinsic evidence under the New York parol evidence rule. Namely, each note provides: "This [n]ote may not be changed, modified or discharged, nor any provision waived, orally, but only in writing, signed by the party against whom enforcement of any such change, modification, discharge or waiver is sought." The trial court made no findings of any executed collateral agreements, nor is there any evidence in the record of any such agreements. All of the defendant's defenses and claims relied on extrinsic evidence. The sole claim raised by the defendant that would have constituted an exception to the parol evidence rule—and for which he had standing—was his special defense of fraud.[5] But the trial court found that the defendant failed to prove fraud, and the defendant has not appealed from that ruling. Accordingly, the defendant has not presented any valid defenses or counterclaims that are exceptions to the parol evidence rule, and he is liable on the notes as a matter of law.

The Appellate Court grounded its decision to remand for a new trial on its conclusion that the trial court's misapplication of the law so permeated the trial court's findings that a new trial was necessary. *Channing Real Estate, LLC* v. *Gates*, supra, 159 Conn. App. 83. Our reading of the trial court's findings leads us to a different conclusion. The effect of the Appellate Court's proper application of the parol evidence rule undermined only those findings of the trial court that pertained to the extrinsic evidence offered by the defendant. The application of the parol evidence rule simply renders the court's findings regarding that extrinsic evidence irrelevant. What remain unaffected, however, are the trial court's findings of fact that govern the disposition of the present case as a matter of law. The only matter that remains to be litigated between the parties, therefore, is the amount of the plaintiff's damages.

Notwithstanding the application of the parol evidence rule, the defendant claims that, because some of the plaintiff's actions effected a postcontractual modification of the notes, he has a valid and meritorious special defense in equitable estoppel and therefore is entitled to a new trial on remand. The defendant did not raise this distinct claim in the trial court, however. Therefore, we decline to address its merits. See Practice Book § 60-5 ("[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial").

The following additional relevant facts as found by the trial court demonstrate that the claim is unpreserved. In arguing that the plaintiff was equitably estopped from collecting on the notes, the defendant relied in part on a letter that the plaintiff sent to the defendant after the last note was signed. This letter, which was drafted by the defendant, stated that the funds that the plaintiff had provided to the defendant were part of the parties' proposed real estate transaction, and that through those funds, the plaintiff had purchased an interest in the commercial real estate owned by Front Street Commons. Despite the absence of finalized terms for the proposed transaction and the lack of any executed operating or option agreements, Sharon Chan—a member of the plaintiff—signed the letter on its behalf.

The defendant contends that his defense of equitable estoppel is not barred by the parol evidence rule because it relies on an event that occurred after the execution of the last note—Sharon Chan's signing of the letter—to establish a postcontractual modification of the notes. The defendant claims that because this event constitutes a postcontractual modification of the notes, it is not evidence of a prior or contemporaneous agreement, which would be barred by the parol evidence rule. See *Lax* v. *Design Quest N.Y. Ltd.*, 101 App. Div. 3d 431, 955 N.Y.S.2d 34 (2012). The record reveals, however, that the defendant did not raise this claim of *postcontractual* modification through equitable estoppel in the trial court. Instead, he argued to the trial court that the plaintiff was equitably estopped from enforcing the notes because the letter was evidence of the plaintiff's *precontractual* representations as to the purpose of the notes. Accordingly, this claim is unpreserved and we do not address it.

The defendant also contends that he has the right to present evidence at a new trial based on the Appellate Court's ruling that New York law, rather than Connecticut law, applies when interpreting the notes. As noted by the Appellate Court, however, "there are no material differences between New York and Connecticut law as applied to the facts of the present case." *Channing Real Estate, LLC* v. *Gates*, supra, 159 Conn. App. 73.

II

The plaintiff next claims that because the defendant lacks standing to allege a violation of CUTPA, a new trial on the third count of the defendant's counterclaim is unwarranted. Specifically, the plaintiff argues that Front Street Commons, not the defendant, would be the proper party to allege any such claim. We agree.

The following additional facts are relevant to our determination of this issue. During the parties' negotiations regarding Front Street Commons' commercial real estate, the parties exchanged various proposed option

and operating agreements, none of which was executed. The proposed agreements listed Front Street Commons as a party, not the defendant. At trial, the defendant sought damages for lost rental income suffered by Front Street Commons, and the trial court found that "[t]he injury to the defendant is that *Front Street Commons* no longer receives financial assistance, as necessary, from the plaintiff." (Emphasis added.) Front Street Commons is not a party to this action.

The issue of standing implicates a court's subject matter jurisdiction and is subject to plenary review. See *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 511, 518, 970 A.2d 583 (2009). "Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the subject matter of the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]." (Internal quotation marks omitted.) *May* v. *Coffey*, 291 Conn. 106, 112, 967 A.2d 495 (2009).

Although this court has not addressed the question of whether a member of a limited liability company has standing to bring suit on the basis of a wrong allegedly suffered by the limited liability company, we find guidance in the decisions of the Appellate Court. "A limited liability company is a distinct legal entity whose existence is separate from its members. . . . A limited liability company has the power to sue or to be sued in its own name; see General Statutes §§ 34-124 (b) and 34-186; or may be a party to an action brought in its name by a member or manager. See General Statutes § 34-187.[6] A member or manager, however, may not sue in an individual capacity to recover for an injury based on a wrong to the limited liability company." (Citation omitted; footnote added; internal quotation marks omitted.) *O'Reilly* v. *Valletta*, 139 Conn. App. 208, 214, 55 A.3d 583 (2012), cert. denied, 308 Conn. 914, 61 A.3d 1101 (2013).

In the present case, the facts demonstrate that it is Front Street Commons and not the defendant that would have standing to assert a CUTPA claim against the plaintiff. The defendant has not demonstrated a specific, personal, and legal interest separate from that of Front Street Commons. Front Street Commons owned the property that was at issue during the parties' negotiations. Front Street Commons would have been a party to the proposed option and operating agreements.

Front Street Commons allegedly lost financial assistance from the plaintiff and suffered lost rental income. From these facts, it is clear that the injuries the defendant alleges in the CUTPA count of his counterclaim, if any, are those allegedly suffered by Front Street Commons specifically, and not the defendant. Front Street Commons is a limited liability company and is therefore a distinct legal entity from the defendant, who is simply a member of that entity. Because a member of a limited liability company cannot recover for an injury allegedly suffered by the limited liability company, we conclude that the defendant lacks standing to pursue a claim alleging a violation of CUTPA. But cf. *Wilcox* v. *Webster Ins., Inc.*, 294 Conn. 206, 215–16, 982 A.2d 1053 (2009) (members of limited liability company have standing to bring claims for breach of contract when they are personally parties to contract).

The judgment of the Appellate Court is reversed in part and the case is remanded to that court with direction to reverse the judgment of the trial court in favor of the defendant on the complaint and on the third count of the counterclaim and to remand the case to the trial court with direction to render judgment for the plaintiff as to the liability on the complaint and on the third count of the counterclaim, and for a hearing in damages on the complaint; the judgment of the Appellate Court is affirmed in all other respects.

In this opinion the other justices concurred.

[1] We granted the plaintiff's petition for certification to appeal limited to the following questions: (1) "Did the Appellate Court correctly remand this case for a new trial instead of a hearing in damages?"; (2) "Did the Appellate Court correctly order a retrial on the defendant's negligent misrepresentation claim when there was no appeal from the trial court's decision against him?"; (3) "Did the defendant have standing to raise a [CUTPA] claim?"; and (4) "Does CUTPA apply to disputes among either intracorporate entities and/or joint venturers?" *Channing Real Estate, LLC* v. *Gates*, 319 Conn. 952, 125 A.3d 530 (2015). This court's resolution of the first certified question is dispositive of the second certified question. See footnote 2 of this opinion. Further, because we conclude that the defendant lacks standing to pursue a CUTPA claim against the plaintiff, we need not reach the fourth certified question.

[2] The defendant did not appeal from the trial court's judgment awarding him no damages on his counterclaim for negligent misrepresentation and therefore did not preserve this claim for appeal. Even if the defendant had appealed from the trial court's judgment, the defendant's counterclaim sounding in negligent misrepresentation relied on the same extrinsic evidence that he cited in support of his defenses to the plaintiff's complaint. Accordingly, our conclusion that the Appellate Court properly concluded that the parol evidence rule precluded the consideration of that extrinsic evidence is dispositive of the second certified question. See footnote 1 of this opinion.

[3] Initially, the trial court had awarded the defendant $28,000 in attorney's fees. In response to the plaintiff's objection to that award, the court decreased the defendant's award to $25,575.

[4] Although the Appellate Court's opinion appears to suggest that the defendant pleaded mistake as a special defense, our review of the record does not reveal that the defendant did so.

[5] We recognize that the defendant also brought a counterclaim asserting that the plaintiff violated CUTPA. As we explain in part II of this opinion, we conclude that the defendant lacks standing to pursue a CUTPA claim against the plaintiff. Accordingly, it is unnecessary for us to resolve whether the defendant's allegations supporting his CUTPA claim, if proven, would constitute an exception to New York's parol evidence rule.

[6] We note that §§ 34-124, 34-186 and 34-187 have been repealed, effective July 1, 2017. See Public Acts 2016, No. 16-97. We also note, however, that General Statutes § 34-243h (a), effective July 1, 2017, provides: "A limited liability company has the capacity to sue and be sued in its own name and the power to do all things necessary or convenient to carry on its activities and affairs."

_____