16-3486-cv
*Varricchio v. Chalecki*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand seventeen.

PRESENT:
>        DEBRA ANN LIVINGSTON,
>        DENNY CHIN,
>                *Circuit Judges,*
>        JOHN G. KOELTL,
>                *District Judge.**

_____

FRANK A. VARRICCHIO,

>        *Plaintiff-Appellant*,

>        v.                                                            16-3486-cv

RONALD J. CHALECKI, JR., in his Individual and
Official Capacity,

>        *Defendant-Appellee*.

_____


For Plaintiff-Appellant:                    FRANK A. VARRICCHIO, proceeding *pro se*, Norwich,
                                            Connecticut.

---

\* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellee:                      KATHERINE E. RULE (Thomas R. Gerarde, Ariel R. MacPherson, *on the brief*), Howd & Ludorf, LLC, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Frank A. Varricchio, proceeding *pro se*, appeals from a September 29, 2016 judgment of the United States District Court for the District of Connecticut granting a motion for summary judgment filed by Defendant-Appellee Ronald J. Chalecki, Jr., the Zoning Enforcement Officer for the Town of Franklin, Connecticut. The action stemmed from cease and desist orders that Chalecki sent to the owners of a property that Varricchio regularly used but did not own. In addition to his appeal, Varricchio moves, "[i]n the event the Court . . . needs . . . proof," to submit into the record a purported lease and sublease agreement with the property's previous owner. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We begin with Varricchio's pending motion to submit into the record, "[i]n the event the Court . . . needs . . . proof," a purported lease and sublease agreement with the property's previous owner. We will consider evidence not before the district court in "extraordinary circumstances." *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975); *see* Fed. R. App. P. 10(a)(1) (defining the record on appeal as, in relevant part, "the original papers and exhibits filed in the district court"); *Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered."). It should be noted that, for

2

purposes of resolving the motion for summary judgment below, the district court assumed the very fact that the purported lease and sublease agreement would demonstrate: that Varricchio had in fact leased the property from its previous owner. Since consideration of the purported lease and sublease agreement would make no difference in our resolution of this appeal, the "extraordinary circumstances" needed to expand the record are not present. Accordingly, the Court **DENIES** Varricchio's motion to submit the purported lease and sublease agreement into the record.

Moving on to the merits of Varricchio's appeal, we review a district court's grant of summary judgment *de novo* and determine whether the district court properly concluded that "there [wa]s no genuine dispute as to any material fact" and the moving party was entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). In so doing, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. *Id.*

Here, the district court properly granted Chalecki's motion for summary judgment, concluding that Varricchio lacked standing to assert many of his claims because he did not own the property at issue, certain of his claims were not ripe for adjudication, and his constitutional and statutory claims otherwise fail. We affirm for substantially the reasons stated by the district court in its thorough and well-reasoned September 28, 2016 ruling.[1]

---

[1] As an alternative ground in its ruling below, the district court cited two statutes, Conn. Gen. Stat. Ann. § 34-167 and Conn. Gen. Stat. Ann. § 34-187, which have been subsequently repealed. *See* Uniform Limited Liability Company Act, 2016 Conn. Legis. Serv. P.A. 16-97 (H.B. 5259) (effective July 1, 2017). The repeal does not alter our analysis. The district court cited the statutes only for its holding in the alternative that assumed *arguendo* that Varricchio was a member of the limited liability company that owned the property; yet, because Varricchio testified during his deposition and averred in his affidavit that he was *not* a member of the limited liability company during the relevant period, we need not rely on the alternative holding below. In any event, subsequent to the statutory repeal, the Supreme Court of Connecticut has noted that "a

3

We have considered all of Varricchio's remaining arguments and find them to be without

merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

member of a limited liability company cannot recover for an injury allegedly suffered by the limited liability company." *See Channing Real Estate, LLC v. Gates*, 161 A.3d 1227, 1236 (Conn. 2017) (citation omitted).

4